**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF RO BOATS, LLC AND REC MARINE LOGISTICS, LLC AS OWNER AND OPERATOR OF THE M/V GOL WORKER, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:**<br><br>**SECTION:**<br><br>**DIVISION:**<br><br>**ADMIRALTY – RULE 9(h)** |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, come Petitioners, RO Boats, LLC and REC Marine Logistics, LLC (hereinafter "Petitioners"), as owner and operator of the M/V GOL WORKER, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter the "GOL WORKER"), respectfully, in a cause for exoneration from and/or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, alleges upon information and belief as follows:

1.

At all times pertinent hereto, RO Boats, LLC was the owner of the M/V GOL WORKER its equipment, tackle, apparel, fixtures, and furniture.

2.

At all times pertinent hereto, REC Marine Logistics, LLC was the operator of the GOL WORKER its equipment, tackle, apparel, fixtures, and furniture.

3.

Petitioner, RO Boats, LLC, is a limited liability company organized under and existing by virtue of the laws of the State of Louisiana. Petitioner's address is 223 Trinity Lane, Gray, Louisiana 70359.

4.

Petitioner, REC Marine Logistics, LLC, is a limited liability company organized under and existing by virtue of the laws of the State of Louisiana. Petitioner's address is 223 Trinity Lane, Gray, Louisiana 70359.

5.

The GOL WORKER (Official No. 1140618) is an approximately 184.3 foot-long 48.0 foot-wide offshore supply vessel built in 2003.

6.

It had been alleged by former deckhand Ethan Woodman that an incident occurred onboard the M/V GOL WORKER on or about October 1, 2023, while offshore in the Gulf of Mexico in "rough seas", which is denied. However, the Daily Master's Logs for the M/V GOL WORKER confirm that the vessel was at dock for the entirety of the day on October 1, 2023. Upon information and belief, the date of any potential alleged incident was on or about October 23, 2023, at which time the GOL WORKER was working in the Gulf of Mexico at least 40 miles south of Sabine Pass, which is off the Louisiana coast.

7.

This action is within the admiralty and maritime jurisdiction of this Honorable Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

8.

The GOL WORKER has not been attached or arrested to answer for any claim to which Petitioners seek exoneration from or limitation of liability through these proceedings. This Complaint is required to be filed in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime

Claims because, as of the date of this filing, the GOL WORKER can be found within this Honorable District which provides proper venue.

9.

At all times pertinent, the GOL WORKER was tight, staunch, strong, properly equipped, properly manned and was, in all respects, seaworthy and fit for the service in which it was engaged.

10.

On or about October 23, 2023, the GOL WORKER operating in the Gulf of Mexico at least 40 miles south of Sabine Bay, which is off the Louisiana coast.

11.

Upon information and belief, on or about October 23, 2023, REC Marine employee, Ethan Woodman, allegedly suffered injuries while working aboard the GOL WORKER.

12.

The incident resulted due to no fault on the part of the Petitioners or the GOL WORKER. The GOL WORKER was, at all material times, a seaworthy vessel and well and sufficiently equipped and supplied.

13.

Petitioners used due diligence, to the extent they were legally obligated to do so, to make the aforementioned vessel seaworthy, and it was prior to the casualty herein, tight, staunch, strong, fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

14.

The aforementioned incident and any alleged injuries or damages resulting from the aforementioned incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioners, their owners or officers, or the GOL WORKER but were caused instead

by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of the Petitioners.

15.

Petitioners deny that it or the GOL WORKER is liable to any extent for any damages, losses and/or injuries, and in that regard, therefore, Petitioners are entitled to exoneration from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

16.

In the alternative, and without admitting liability, Petitioners aver that in the event it or the GOL WORKER should be held responsible to any person or parties, by reasons of the matters aforesaid, Petitioners and the GOL WORKER are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

17.

All of the alleged losses, damages, and injuries resulting from the aforementioned incident were done, occasioned and incurred without fault on the part of the Petitioners and/or without Petitioners' privity or knowledge.

18.

The parties currently known to have potential claims against Petitioners, RO Boats, LLC and REC Marine Logistics, LLC resulting from the aforesaid incident are:

1. **Ethan Woodman**
   Through his attorney:
   R. Todd Elias
   VB Attorneys
   1220 Augusta Drive, Suite 240
   Houston, TX 77057

19.

Petitioners aver that the market value of the GOL WORKER and the value of the Petitioners' interest in said vessel, at the end of said voyage, did not exceed the sum of SEVEN MILLION EIGHT HUNDRED FIFTY-FOUR THOUSAND DOLLARS ($7,854,000.00). Petitioners provide the attached Declaration of Value by Mary Brook as Exhibit "A". At the time of the incident, the value of the pending freight was TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00). Petitioners provide the attached Declaration of Freight Pending by Matt Bernard as Exhibit "B".

20.

With this Complaint, Petitioners seek to preserve the right to limit liability within the six month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Petitioners are currently in the process of obtaining security and/or a bond and will deposit the proper security with the Court within sixty (60) days of the filing of this Complaint. It is not a jurisdictional prerequisite to claim the benefits of the Limitation Act that security be posted simultaneously with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co*., 46 F.3d 478, 481 (5th Cir. 1995). Pursuant to Supplemental Rule F(1), it is within the full discretion of the District Court to direct Petitioner on when to post security and the amount required. *Id.* Once the security is posted, the limitation action may move forward in typical fashion with the issuance of an injunction and concursus of claims and notice to claimants with the deadline in which claimants may file against Petitioners. The U.S. District Courts for the Eastern District and Western District of Louisiana have repeatedly allowed limitation petitioners to do this. *See* Order, Cause No. 25-2537 (Milazzo, J.), attached hereto as Exhibit "C" granting a 90-day extension; *see* Order, Cause No. 21-822 (Zainey, J.),

attached hereto as Exhibit "D" granting a 30-day extension; *see* Order, Cause No. 26-395 (Ashe, J.), attached hereto as Exhibit "E" granting 30-day extension; *See* Order, Cause No. 26-1362 ( Cain, Jr., J.) attached hereto as Exhibit "F", granting a 90-day extension; *see* Order, Cause No. 20-1092 (Summerhays, R.), attached hereto as Exhibit "G", granting a 30-day extension.

21.

This Complaint is timely filed under Rule F(1) because it was filed within six (6) months of first receipt of a claim in writing, that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the aforementioned incident, which revealed a reasonable possibility that the claim may exceed the value of the GOL WORKER.

22.

The GOL WORKER has not been arrested or attached within six (6) months after the Petitioners received the first written notice of a claim as aforesaid.

23.

Petitioners aver that claims have been or may be asserted against it in amounts exceeding the total sum Petitioners may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

24.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners, RO Boats, LLC and REC Marine Logistics, LLC pray:

(a) That this Court enter an order approving a temporary dispensation from security. That Petitioners shall post the security required by 46 U.S.C.

§ 30511(b) and Supplemental Admiralty Rule F(1) within sixty (60) days from filing this action;

(b) That once Petitioners post security, this Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages, or injuries with respect to which RO Boats, LLC and REC Marine Logistics, LLC seek exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve copies of said claims upon the attorney for RO Boats, LLC and REC Marine Logistics, LLC on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition;

(c) That once Petitioners post security, this Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or arising out of the contractual obligations which the M/V GOL WORKER was engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioners or their agents or representatives or any other person whatsoever, for whom Petitioners may be responsible or the M/V GOL

WORKER in respect of any claim or claims arising out of the alleged incident occurring on or about October 23, 2023, along with the aforesaid occurrence;

(d) That this Court, assuming that a claim is filed against Petitioners, as well as the M/V GOL WORKER in this proceeding, adjudge:

(i.) That Petitioners are not liable to any extent for any loss of life, injury, destruction, property damage or loss, or for any claim whatsoever, in any way arising out of or consequent upon the aforesaid occurrence(s);

(ii.) Alternatively, if Petitioners shall be adjudged liable, that such liability be limited to the amount or value of Petitioners' interest in the M/V GOL WORKER, on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid, be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties, any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability; and

(iii.) That Petitioners have such other and further relief as the justice of the cause may require.

Respectfully submitted:

***/s/Aaron B. Greenbaum***

Aaron B. Greenbaum, T.A. (#31752)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163

Telephone: (504) 620-2500
Facsimile: (504) 620-2510
aaron.greenbaum@pjgglaw.com
kristian.dobard@pjgglaw.com
**ATTORNEYS FOR RO BOATS, LLC AND REC MARINE LOGISTICS, LLC**