UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF RO BOATS, LLC AND REC MARINE LOGISTICS, LLC AS OWNER AND OPERATOR OF THE M/V GOL WORKER, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * | CIV. ACT. NO. 26-cv-01010<br><br>JUDGE IVAN L. R. LEMELLE<br><br>MAGISTRATE MICHAEL B. NORTH |

**************************************************************************

**<u>ANSWER TO LIMITATION COMPLAINT, CLAIM, AND CROSS-CLAIM OF ETHAN WOODMAN</u>**

NOW INTO COURT comes, **ETHAN WOODMAN** a person of the full age of majority, who for his Answer, Affirmative Defenses, and Claim in response to the Complaint for Exoneration from or Limitation of Liability filed by Petitioners, RO BOATS, L.L.C. and REC MARINE LOGISTICS, L.L.C, as owner and operator of the M/V GOL WORKER ( "Petitioners"), and would show the court the following:

**<u>ANSWER</u>**

**<u>First Defense</u>**

The Limitation Complaint fails to state a claim, right, or cause of action upon which relief may be granted.

**<u>Second Defense</u>**

The Limitation Plaintiffs lack standing to see application of the Limitation Act, 46 U.S.C. § 30501, *et seq*., to the claims made against them.

**<u>Third Defense</u>**

AND NOW, specifically reserving all defenses asserted herein, including without limitation, Claimant's, ETHAN WOODMAN'S, right to pursue his claims in state court pursuant

to the Savings to Suitors Clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Answer in this proceeding, and avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant specifically reserves his right to contest and demand proof of Petitioner RO BOATS LLC's status as the "owner" of the M/V GOL WORKER.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant specifically reserves his right to contest and demand proof of Petitioner REC MARINE LOGISTICS LLC's status as the "operator" of the M/V GOL WORKER.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to

justify a belief therein. Claimant Woodman admits only that he was injured while working on the M/V GOL WORKER.

7.

The allegations contained in Paragraph 7 state conclusions of law for which no response is required from Claimant. The allegations are denied to the extent a response is deemed necessary.

8.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 do not require a response from Claimant. To the extent a response is required, the allegation that Claimant Woodman was injured while working on the M/V GOL WORKER is admitted.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Complaint are denied.

15.

The allegations contained in Paragraph 15 of the Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Complaint are denied and any suggestion that the Petitioners are entitled to any relief whatsoever is denied.

17.

The allegations contained in Paragraph 17 of the Complaint are denied.

18.

The allegations contained in Paragraph 18 do not require a response from Claimant. The allegations are admitted to the extent a response is required.

19.

The allegations contained in Paragraph 19 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are denied. The sufficiency and/or adequacy of the Petitioners' security is specifically denied.

20.

The allegations contained in Paragraph 20 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are denied. The sufficiency and/or adequacy of the Petitioners' security is specifically denied.

21.

The allegations contained in Paragraph 21 are denied for a lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 are denied for a lack of sufficient information

to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are denied. The sufficiency and/or adequacy of the Petitioners' security is specifically denied.

24.

Any allegation contained in the Complaint, including those contained in the prayer for relief and/or any unnumbered paragraphs, not specifically admitted herein are hereby denied.

**Fourth Defense**

The Limitation Plaintiff is not entitled to exoneration from or limitation of liability under the Limitation Act, 46 U.S.C. § 30501, *et seq*., and the various statutes supplementing/amending that Act and/or the provisions of Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. The fault, negligence and/or unseaworthiness of the Petitioners and the SMI-101 and all negligent acts leading up to the occurrence of the casualty were within the privity and knowledge of the officers and managers of the Petitioner, *i.e.*, the owners, operators, charterers, and managers of the vessel. As such, the Complaint should be dismissed with prejudice.

**Fifth Defense**

The Petitioner's Ad Interim Stipulation for Value and security are inadequate, insufficient and understate and undervalue the Petitioner's interest in the SMI-101 and its pending freight.

**Sixth Defense**

The Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq*. is unconstitutional in that it deprives the Respondent/Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal

protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**Seventh Defense**

The Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq*. is unconstitutional in that it deprives the Respondent/Claimant of the right to a trial by jury, guaranteed by the Seventh Amendment to the Constitution of the United States and other applicable laws.

**Eighth Defense**

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**Ninth Defense**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant/Respondent's injuries took place with the privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessels involved.

**Tenth Defense**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Respondent/Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made

establishing any insurer(s) is entitled to avail themselves of the Limitation of Liability Act.

**Eleventh Defense**

The Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Respondent/Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of his Answer and Claim herein.

**Twelfth Defense**

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration from of Limitation of Liability should be denied.

**Thirteenth Defense**

Claimant further alleges that there was insurance coverage on the vessel insuring Petitioners in the event of an occurrence such as that which is the subject of Respondent/Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

**Fourteenth Defense**

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

**Fifteenth Defense**

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Answer and Claim is in no way a waiver of this right and defense, and Claimant is not agreeing to join all issues in this proceeding by filing this Answer and Claim.

**Sixteenth Defense**

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claim is a waiver of this defense or these rights. Respondent/Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Claimant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

**Seventeenth Defense**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimant(s). *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action,

a limitations proceeding is inappropriate and unjustified.

**Eighteenth Defense**

Claimant reserves the right to contest the appraisal value of the vessel, the "SMI-101", its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**Nineteenth Defense**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**Twentieth Defense**

The protection and indemnity insurer of the Petitioners is not accorded the right by statute to invoke limitation of liability.

**Twenty-First Defense**

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Petitioners were negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is the Claimant's rights under the Saving to Suitors clause and the Jones Act.

**CLAIMS**

**I.**

Petitioner, **RO BOATS, L.L.C.** is a Louisiana company registered to do business in this State and within the jurisdiction of this honorable Court, and is indebted unto Claimant for all

damages to which he is entitled to receive a prayed for herein, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as set forth more specifically below.

**II.**

Defendant, **REC MARINE LOGISTICS, L.L.C.,** is a Louisiana company registered to do business in the state of Louisiana and within the jurisdiction of this honorable Court, and is indebted unto Claimant for all damages to which he is entitled to receive a prayed for herein, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as set forth more specifically below.

**III.**

On or about October 1, 2023, Claimant was working as a Jones Act seaman aboard the M/V GOL WORKER, an offshore supply vessel in navigation, which was owned, operated, and/or controlled by **RO BOATS, L.L.C.** and/or **REC MARINE LOGISTICS, L.L.C.** at all pertinent times hereto.

**IV.**

On or about October 1, 2023, Claimant was directly employed by **RO BOATS, L.L.C.** and/or **REC MARINE LOGISTICS, L.L.C.** as a Jones Act Seaman.

**V.**

On or about October 1, 2023, Claimant was working with the crew of the M/V GOL WORKER to lay heavy fuel transfer hoses between two vessels in rough seas. A miscommunication between another deckhand and the crane operator caused the heavy end of the hose to swing unexpectedly, striking Claimant on his right side and pinning him against a fender.

**VI.**

As a result of this incident, Claimant sustained serious and painful injuries to his neck, lower back, hip, and shoulder, as well as serious mental and emotional injuries.

**VII.**

At all relevant times, Claimant, **ETHAN WOODMAN,** was performing his job in a safe and non-negligent manner, and did not cause or contribute to this incident in any fashion.

**VIII.**

On information and belief, Claimant alleges that the sole and proximate cause of the above-described accident was the negligence of **RO BOATS, L.L.C.** and **REC MARINE LOGISTICS, L.L.C.** in the following, non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by Defendants to Plaintiff;

2. Failure to provide a reasonably safe place to work;

3. Failure to properly supervise Plaintiff or any of their respective employees;

4. Failure to take any means or precautions for the safety of Defendants' employees, as well as Plaintiff;

5. Creation and maintenance of an unseaworthy vessel;

6. Failure to provide minimum safety requirements;

7. Failure to provide adequate equipment for the job in question;

8. Failure to provide adequate personnel for the job in question;

9. Failure to perform all safety related duties as required of their employees based upon job descriptions, applicable laws, codes, regulations, contracts and industry standards.

10. Other acts of negligence and unseaworthiness, which will be shown at the trial of this matter.

**IX.**

As a direct result of the negligence of Limitation Petitioners/Defendants and the unseaworthiness of the vessel, Claimant, **ETHAN WOODMAN**, is entitled to recover from Limitation Petitioners/Defendants reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present, and future physical, mental and emotional pain and suffering;
2. Past, present, and future loss of wages, fringe benefits and wage earning capacity;
3. Past and future physical disability;
4. Past, present, and future medical expenses; and
5. All other special and general damages as will be shown at the trial of this matter.

**X.**

Pursuant to the General Maritime Law of the United States of America, **RO BOATS, L.L.C.** and/or **REC MARINE LOGISTICS, L.L.C.** have and continue to have the absolute and nondelegable duty to provide Claimant with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

**XI.**

As a result of the aforementioned accident, Claimant was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

**XII.**

Therefore, Claimant prays for the payment of past, present, and future adequate maintenance benefits as well as past, present, and future payment of any and all cure benefits to which Claimant is entitled. Limitation Petitioners/Defendants, **RO BOATS, L.L.C.** and/or **REC**

**MARINE LOGISTICS, L.L.C.,** have failed to honor their maintenance and cure obligations to date, despite actual and constructive notice of Claimant's injury and his ongoing need for treatment. This failure was willful, wanton, arbitrary, and capricious, thereby entitling Claimant to attorney's fees, punitive damages, and potential additional compensatory award for any acts on the part of said Limitation Petitioners/Defendants which may have resulted in a deterioration of Claimant's medical condition.

**XIII.**

Claimant specifically alleges a claim for punitive damages against Defendants herein based upon General Maritime Law. This claim relates to any arbitrary and/or unreasonable failure of Limitation Petitioners/Defendants **RO BOATS, L.L.C.** and/or **REC MARINE LOGISTICS, L.L.C.** to pay maintenance and cure benefits.

**XIV.**

Claimant prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Claimant prays that **RO BOATS, L.L.C.** and **REC MARINE LOGISTICS, L.L.C.** be duly cited to appear and answer this Complaint and, after the legal delays and due proceedings had, there be Judgment herein in favor of Claimant, **ETHAN WOODMAN,** and against Limitation Petitioners/Defendants, **RO BOATS, L.L.C.** and **REC MARINE LOGISTICS, L.L.C.,** for all damages to which Claimant is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, Claimant prays that Limitation Petitioners/Defendants, **RO BOATS, L.L.C.** and **REC MARINE LOGISTICS, L.L.C.,** be cast in judgment for past, present, and

future adequate maintenance benefits, as well as past, present, and future payment of any and all cure benefits to which Claimant is entitled by law, and penalties and additional damages if applicable.

Respectfully Submitted,

*/s/Megan C. Misko*_______________

TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
THE YOUNG FIRM
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101
mcm@theyoungfirm.com
tjy@theyoungfirm.com